UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

LEONARD GREGORY WALKER,

          Plaintiff,          Case No. 2:22-cv-216

v.                                  Honorable Maarten Vermaat

ERIC BAKER,

          Defendant.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 4.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under

longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Corrections Officer Eric Baker.

Plaintiff alleges that he was sexually harassed by Defendant Baker on three dates: July 23, 2021, August 6, 2021, and August 7, 2021. (Compl., ECF No. 1, PageID.3–4.) On July 23, 2021, while Plaintiff was eating with another prisoner at the chow hall, Defendant Baker said to Plaintiff:

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

"I came to watch [Plaintiff] shove that spoon down his throat. I heard he knows how to use his mouth and I'm hoping to get lucky!" (*Id.*, PageID.3.) When "Plaintiff asked Defendant . . . Baker to get away from him and to stop making sexual advances at him, but was ignored." (*Id.*) Defendant Baker "continued to stand directly at the table with the Plaintiff taunting him with sexually explicit words i.e., 'let me see you swallow it.'" (*Id.*) Defendant Baker also responded to Plaintiff's objections: "you want to complain? See what I do to you for doing that." (*Id.*, PageID.4.) While Plaintiff was leaving, Defendant Baker stated, "Look at that walk. I'm going to get you." (*Id.*)

On August 6, 2021, Defendant Baker worked in Plaintiff's housing unit and "began taunting [Plaintiff] (making sexual comments) i.e., 'let me see you swallow it,' and staring at the Plaintiff." (*Id.*) Subsequently, on August 7, 2021, Defendant Baker attempted to enter Plaintiff's cell while Plaintiff and his cellmate were in the cell, stared at Plaintiff while Plaintiff was showering, walked toward Plaintiff and smiled before walking away, and yelled to Plaintiff, "Walker, quit soliciting men in the restrooms." (*Id.*) Plaintiff never personally observed Defendant Baker sexually harass other prisoners. (*Id.*, PageID.5.)

On September 10, 2022, Plaintiff learned that Defendant Baker was "stop ordered," or "prevented from entering the prison compound," for the reasons alleged in Plaintiff's complaint. (*Id.* (capitalization omitted).)

Plaintiff brings claims of retaliation, sexual harassment, and violation of Plaintiff's right to equal protection. (*Id.*, PageID.1, 5.) He seeks a declaratory judgment and compensatory and punitive damages. (*Id.*, PageID.8.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint

4

need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. First Amendment

Plaintiff alleges that Defendant Baker violated Plaintiff's First Amendment right to be free from unlawful retaliation. (ECF No. 1, PageID.1, 5.) Retaliation based upon a prisoner's exercise

of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must plead facts to demonstrate that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). Here, even assuming that Plaintiff's verbal complaints regarding Defendant Baker's behavior were First Amendment protected activity, *Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018), as explained below, Plaintiff fails to plead facts to demonstrate that Plaintiff was subjected to adverse action motivated, at least in part, by Plaintiff's protected conduct.

### 1. Verbal Threat

Plaintiff alleges that, following his July 23, 2021, verbal complaint to Defendant Baker and request that Defendant Baker stop making suggestive comments, Defendant Baker stated, "you want to complain? See what I do to you for doing that." (ECF No. 1, PageID.4.) Although a specific threat of harm may satisfy the adverse-action requirement if it would deter a person of ordinary firmness from exercising his or her First Amendment rights, *see, e.g.*, *Thaddeus-X*, 175 F.3d at 396, 398 (threat of physical harm); *Smith v. Yarrow*, 78 F. App'x 529, 542 (6th Cir. 2003) (threat to change drug test results), certain threats or deprivations are so *de minimis* that they do not rise to the level of being constitutional violations. *Thaddeus-X*, 175 F.3d at 398; *Smith*, 78 F. App'x at 542.

In this case, Defendant Baker's alleged threat to Plaintiff was entirely vague, unaccompanied by any actual conduct, such as the writing of a misconduct ticket or physical harm. The Court concludes that such a vague statement would not deter a person of ordinary firmness from exercising his or her First Amendment rights. *See, e.g.*, *Hardy v. Adams*, No. 16-2055, 2018 WL 3559190, at *3 (6th Cir. Apr. 13, 2018) ("The alleged threat by Adams that she would make Hardy's life 'hell' is simply too vague to pass this threshold."); *Shisler v. Golladay*, No. 2:19-cv-80, 2019 WL 2590693, at *4 (W.D. Mich. June 25, 2019) (concluding that the defendant's threat that the ticket would be the least of the plaintiff's worries was "simply too vague" to support a First Amendment retaliation claim); *Dahlstrom v. Butler*, No. 2:18-cv-101, 2019 WL 91999, at *11 (W.D. Mich. Jan. 3, 2019) ("Krause's threat[--to 'get' a prisoner who files a grievance on Krause and 'steps out of line'--] is too vague and non-specific to deter a person of ordinary firmness from engaging in protected conduct."); *Yates v. Rogers*, No. 2:18-cv-180, 2018 WL 6629366, at *7 (W.D. Mich. Dec. 19, 2018) ("Defendant's vague threat to 'get' Plaintiff does not carry the same seriousness . . . ."); *Johnson v. Govern*, No. 2:17-cv-125, 2018 WL 6321548, at *2 (W.D. Mich. Dec. 4, 2018) ("Govern's alleged threat to 'put a case' on Johnson . . . was too vague to constitute adverse action."); *Hunter v. Palmer*, No. 1:17-cv-109, 2017 WL 1276762, at *11 (W.D. Mich. Apr. 6, 2017) ("Defendant DeMaeyer told Plaintiff that complaining would get him into a lot of trouble . . . . Such a vague threat of unspecified harm falls short of adverse action."). Accordingly, Plaintiff may not state a claim for retaliation based upon the alleged threat by Defendant Baker.

### 2. Sexual Harassment

Plaintiff also alleges that, following Plaintiff's complaint and request that Defendant Baker stop his behavior, Defendant Baker continued to sexually harass Plaintiff. To the extent that

7

Plaintiff intended to allege that this continued harassment was retaliatory, for the reason set forth below, Plaintiff fails to state a claim.

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). However, "[a]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (discussing that in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial" (internal quotation marks omitted)); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("[B]are allegations of malice on the defendants' parts are not enough to establish retaliation claims [that will survive § 1915A screening]." (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998))).

Furthermore, although, temporal proximity "may be 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive,'" the Sixth Circuit, has been reluctant to find that temporal proximity between the filing of a grievance and an official's adverse conduct, standing alone, is sufficient to establish a retaliation claim. *Compare Muhammad v. Close*, 379 F.3d 413, 417–18 (6th Cir. 2004) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)), *and Briggs v. Westcomb*, No. 19-1837 (6th Cir. Mar. 10, 2020) (unpublished) (holding that allegations of temporal proximity were sufficient where the filing of retaliatory misconduct by correctional officers occurred six days after Plaintiff filed a grievance against a medical provider, but only one day after the provider learned of the grievance), *with Hill*,

8

630 F.3d at 476 (discussing that the Sixth Circuit has been reluctant to find that temporal proximity alone shows a retaliatory motive).

Here, Plaintiff merely alleges the ultimate fact of retaliation. Plaintiff does not plead any facts that would allow the Court to infer that Defendant Baker's continued harassment was motivated by retaliatory intent, rather than whatever intent had initially motivated Defendant Baker's alleged harassment. Moreover, although Plaintiff alleges that he orally complained to Defendant Baker and requested that Defendant Baker stop making comments to Plaintiff before Defendant Baker took the allegedly adverse actions (i.e., the continued sexual harassment) against Plaintiff—suggesting temporal proximity—Plaintiff alleges no *facts* from which to reasonably infer that Defendant Baker was motivated by any protected conduct. Under these circumstances, a vague suggestion of temporal proximity alone is insufficient to show a retaliatory motive. *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). Accordingly, for all of the reasons set forth above, Plaintiff's conclusory allegation of retaliation fails to state a claim.

### B. Eighth Amendment

Liberally construed, Plaintiff appears to suggest that Defendant Baker violated Plaintiff's Eighth Amendment rights by sexually harassing Plaintiff. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous;" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). "[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate

9

penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (citations omitted).

"Federal courts have long held that sexual abuse is sufficiently serious to violate the Eighth Amendment. . . . This is true whether the sexual abuse is perpetrated by other inmates or by guards." *Rafferty v. Trumbull Cnty.*, 915 F.3d 1087, 1095 (6th Cir. 2019) (citing *Farmer v. Brennan*, 511 U.S. 825, 848 (1994) (discussing inmate abuse); *Bishop v. Hackel*, 636 F.3d 757, 761 (6th Cir. 2011) (same); *Washington v. Hively*, 695 F.3d 641, 642 (7th Cir. 2012) (discussing abuse by guards). However, in the context of claims against prison officials, the Sixth Circuit repeatedly has held that the use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See, e.g.*, *Ivey*, 832 F.2d 950, 954–55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (finding that harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds,* 76 F. App'x 24, 27 (6th Cir. 2003) (concluding that verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim).

Moreover, the Sixth Circuit has held that "isolated, brief, and not severe" instances of sexual harassment, without more, do not give rise to Eighth Amendment violations. *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005) (finding that harassing comments, even coupled with one minor instance of sexualized touching during a search, fall short of an Eighth Amendment violation), *abrogated in other part by Maben*, 887 F.3d 252; *Violett*, 76 F. App'x at 27 (find that an offer of sexual favors was not sufficient to state Eighth Amendment claim); *Johnson v. Ward,*

10

No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) ("Johnson's allegation that Ward made an offensive sexual remark to him does not rise to the level of a constitutional violation [as such is merely verbal abuse]."). Other courts have agreed. *See, e.g.*, *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986).

In contrast, the Sixth Circuit has held that severe, coercive verbal harassment may rise to sexual abuse that violates the Eighth Amendment. *Rafferty*, 915 F.3d at 1095. The *Rafferty* court found an Eighth Amendment violation when a male prison official sexually harassed a female prisoner by repeatedly demanding that the prisoner expose herself and masturbate while the official watched and intimidating her into complying. The court noted that, in light of the coercive dynamic of the relationship between prison staff and prisoners, such demands amounted to sexual abuse. *Id.* at 1096.

*Rafferty*, however, is distinguishable from Plaintiff's claim. Plaintiff claims that, on three dates, Defendant Baker made sexually suggestive remarks to Plaintiff and, on one occasion, stared at Plaintiff while Plaintiff was showering. Unlike in *Rafferty*, Defendant Baker's alleged harassing statements were made to Plaintiff in public settings with others present, rather than in a more personal setting. Plaintiff also does not allege that Defendant Baker made any explicit sexual demands to Plaintiff. Under these circumstances, Defendant Baker's comments did not evidence the sort of coercive sexual demand at issue in *Rafferty*. Defendant Baker's behavior, as alleged by Plaintiff, though offensive, falls short of the severity necessary to state an Eighth Amendment claim. The Court therefore will dismiss Plaintiff's Eighth Amendment claim against Defendant Baker.

### C. Fourteenth Amendment

Lastly, Plaintiff brings an equal protection "class of one" claim, alleging that Defendant Baker intentionally treated Plaintiff differently than Plaintiff's similarly situated counterparts with no rational basis for the difference in treatment. (ECF No. 1, PageID.2.) In support of this claim, Plaintiff asserts only that Defendant Baker interacted with other prisoners on the East Side of the Chippewa Correctional Facility, where Plaintiff was housed, (*id.*), but that Plaintiff never witnessed Defendant Baker sexually harass any other prisoner, (*id.*, PageID.5.)

The Equal Protection Clause prohibits discrimination by government actors which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681–82 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). Plaintiff does not identify a fundamental right, and he does not allege that he is a member of a suspect class. "[P]risoners are not a suspect class," *Hadix v. Johnson*, 230 F.3d 840, 843 (6th Cir. 2000), "nor are classifications of prisoners," *Mader v. Sanders*, 67 F. App'x 869, 871 (6th Cir. 2003).

To state an equal protection claim in a class-of-one case, Plaintiff must show "intentional and arbitrary discrimination" by the state; that is, he must show that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also Nordlinger v. Hahn*, 505 U.S. 1, 10–11 (1992); *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011). A plaintiff "must overcome a 'heavy burden' to prevail based on the class-of-one theory." *Loesel v. City of Frankenmuth*, 692 F.3d 452, 462 (6th Cir. 2012) (citing *TriHealth, Inc. v. Bd. of Comm'rs, Hamilton Cnty.*, 430 F.3d 783, 791 (6th Cir. 2005)).

12

The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006); *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) ("To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" (quoting *Club Italia Soccer & Sports Org., Inc.*, 470 F.3d at 298)). "'Similarly situated' is a term of art—a comparator . . . must be similar in 'all relevant respects.'" *Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) (quoting *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011)); *see also Nordlinger*, 505 U.S. at 10; *Tree of Life Christian Sch. v. City of Upper Arlington*, 905 F.3d 357, 368 (6th Cir. 2018).

Plaintiff's equal protection claim is wholly conclusory. Although Plaintiff alleges that there are roughly 1,020 prisoners in the East Side of the Chippewa Correctional Facility (ECF No. 1, PageID.2), Plaintiff fails to allege any facts to suggest that his fellow inmates were similar in all relevant aspects. Moreover, while Plaintiff states that he never personally "observe[d]" Defendant Baker harass other prisoners, Plaintiff fails to allege facts that would plausibly suggest that Defendant Baker intentionally and arbitrarily discriminated against Plaintiff. Plaintiff's conclusory allegations of intentional discrimination simply do not suffice to state an equal protection claim. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."). The Court, therefore, will dismiss Plaintiff's Fourteenth Amendment equal protection claim.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C.

13

§§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore*, 114 F.3d at 611. Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: February 10, 2023
/s/ *Maarten Vermaat*
Maarten Vermaat
United States Magistrate Judge